

FILED
FEB -2 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **Emmitt Owens**<br>                        **Plaintiff,**<br>v.<br><br>**Bon Secours Health System, Inc.,**<br>**Bon Secours Richmond Health System, and**<br>**Bon Secours Memorial Regional Medical Center,**<br>**Inc.**<br>                        **Defendants.** | Civil Action No. 3:16 CV 68 |

## COMPLAINT

Plaintiff Emmitt Owens ("Plaintiff" or "Owens"), respectfully moves for judgment against Bon Secours Health System, Inc., Bon Secours Richmond Health System, and Bon Secours Memorial Regional Medical Center, Inc. ("Bon Secours" or "Defendants"):

### Introduction

1.  This is a claim for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act" or "FLSA"). Plaintiff seeks unpaid overtime, liquidated damages, and attorneys' fees and costs arising out of the Defendants' FLSA violations.

### Jurisdiction and Venue

2.  This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that Plaintiff may bring this action in any appropriate United States District Court.

3.  Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern

1

District of Virginia.

4. Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

5. Owens is a resident of Virginia who is employed by Defendants. Owens is an "employee" as defined in the FLSA.

6. Bon Secours Health System, Inc. is a Maryland corporation with Virginia locations in Richmond, Mechanicsville, Lancaster, and Chesterfield.

7. Bon Secours Health System is the entity listed on Owens' paystubs.

8. Bon Secours Richmond Health System is a Virginia corporation with its principal place of business in Richmond, Virginia.

9. Bon Secours Richmond Health System is the employer listed on Owens' W-2.

10. Bon Secours Memorial Regional Medical Center, Inc. is a Virginia corporation with its principal place of business in Mechanicsville, Virginia.

11. Bon Secours Memorial Regional Medical Center is the facility where Owens works.

12. Defendants are in the healthcare business. Upon information and belief Defendants are related entities and are an integrated or joint employer of Plaintiff for purposes of the FLSA.

13. Defendants are jointly and severally liable for the acts complained of herein.

## Factual Allegations

14. Owens has been employed by Defendants since approximately December 2009.

15. In or around March 2013, Owens was moved to the position of supervisor of the

volunteer services department ("Volunteer Services").

16. In or around October 2014, Owens was moved to the position of manager of Volunteer Services.

17. For a brief while, Owens was given the title of Interim Director of Volunteer Services, but such title was taken away shortly thereafter. Owens was told by Defendants that he could not have the Director (or Interim Director) title because he does not have a college degree.

18. At all relevant times, in his position as a supervisor and manager, Owens has supervised only one other employee.

19. Owens' job duties include: overseeing Volunteer Services; placing and scheduling volunteers, filling out various reports related to volunteer time and activities, conducting training and orientation of new volunteers, event planning for two events per year, and coding invoices to be paid.

20. The volunteers for Bon Secours perform mostly customer service-type duties, including: answering phones; staffing information desks; answering hospital call-bells; delivering snacks and meals; working in the gift shop; pushing wheelchairs, and the like.

21. Owens has no authority or responsibility in the setting of Bon Secours policies.

22. Owens does not have authority to set any strategic goals for Defendants.

23. Owens does not perform work directly related to the management or general business operations of Defendants.

24. Owens does not supervise two or more full-time employees.

25. At all times relevant, Owens regularly worked more than 40 hours per week.

26. Owens sometimes works six days per week.

3

27. Owens is not paid overtime and receives no additional compensation for working more than 40 hours per week.

28. Pursuant to the FLSA, Defendants are obligated to pay Owens at a time-and-a-half rate for all overtime hours worked. Defendants failed to do so.

29. Defendants knew or had constructive knowledge of the fact that Owens regularly worked more than 40 hours per week without being paid at a time-and-a-half rate.

30. On information and belief, Defendants classify Plaintiff as exempt from the FLSA.

31. However, based on the nature of Plaintiff's job duties, there is no FLSA exemption that applies to preclude him from being paid one and one-half times his regular rate of pay for all hours worked in excess of 40 per week.

32. Defendants willfully violated the FLSA by knowingly failing to pay its employee overtime. Defendants had knowledge or constructive knowledge that Plaintiff worked in excess of 40 hours per week, but failed to pay him overtime compensation. Defendants knew or had constructive knowledge that Owens' job duties did not qualify for any exemption under the FLSA.

33. At all relevant times Defendants intended to deprive Plaintiff of the overtime pay he was entitled to under the FLSA, or acted with reckless disregard for Plaintiff's rights under the FLSA.

34. In the event that Defendants paid Owens in a manner that does not meet the salary-basis test, then Defendants have deprived Owens of overtime compensation under the FLSA.

## **FLSA Relief Requested**

Wherefore, Plaintiff requests the following Relief against Defendants:

A. money damages for all unpaid overtime compensation;

B. liquidated damages in an amount equal to all unpaid overtime owed to Plaintiff;

C. pre-judgment and post-judgment interest;

D. injunctive relief including but not limited to: an order permanently enjoining Defendants from retaliating against Plaintiff; and an order permanently enjoining Defendants from prospectively violating the FLSA with respect to Plaintiff;

E. reasonable attorneys' fees and costs expended in the prosecution of this case;

F. any and all further relief permissible by law.

Plaintiff respectfully demands **TRIAL BY JURY**.

Respectfully submitted,
**Emmitt Owens**
Plaintiff

By: *(signature)*
Philip Justus Dean (VSB No. 86335)
Craig Juraj Curwood (VSB No. 43975)
Attorneys for Plaintiff
Curwood Law Firm
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
pdean@curwoodlaw.com
ccurwood@curwoodlaw.com

5