## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into as of the date last written between: (a) Emmitt Owens ("Owens" or "Plaintiff"); and (b) Bon Secours Health System, Inc., Bon Secours Richmond Health System, and Bon Secours Memorial Regional Medical Center, Inc. (herein, collectively "Bon Secours" or "Defendants").

WHEREAS, Emmitt Owens filed a lawsuit against Defendants in the United States District Court for the Eastern District of Virginia, *Emmitt Owens v. Bon Secours Health System, Inc., Bon Secours Richmond Health System, and Bon Secours Memorial Regional Medical Center, Inc.*, Case No. Case No. 3:16-cv-000068, in which Emmitt Owens sought relief for alleged unpaid wages pursuant to the Fair Labor Standards Act (the "Lawsuit"); and

WHEREAS, all parties to this Agreement (collectively, the "Parties") wish to fully and finally resolve the Lawsuit without further litigation.

NOW, THEREFORE, it is agreed as follows, in exchange for the good and valuable consideration set forth herein:

1. The Parties authorize their counsel to take all actions necessary to conclude the settlement expressed in this Agreement, agree to jointly move the Court for approval of the settlement and this Agreement, and to set a hearing for oral presentation of the proposed settlement, if required by the Court.

2. Defendants shall pay the gross sum of $36,648.79 in complete settlement of the Lawsuit (the "Settlement Proceeds"), including settlement for attorneys' fees, costs, and alleged liquidated damages. The Parties agree that Settlement Proceeds shall be paid and allocated as follows.

   a. No later than fourteen (14) days after this Agreement has been approved by the Court, Defendants shall deliver to Plaintiff's counsel the following three checks in complete satisfaction of the Lawsuit, as follows:

      i. The first check, in the amount of $11,120 payable to the Plaintiff, shall be allocated to alleged back pay from which Defendants will deduct all applicable payroll and other required tax withholdings and deductions. Defendants shall issue an Internal Revenue Service Form W-2 to Plaintiff for this amount.

      ii. The second check, in the amount of $11,120 payable to the Plaintiff, shall be for alleged liquidated damages under the FLSA. Defendants shall issue an Internal Revenue Service Form 1099 to Plaintiff for this amount.

      iii. The third check, in the amount of $14,408.79 payable to the Curwood Law Firm, PLC, shall be for full payment of all recoverable costs and

attorneys' fees in this matter. Plaintiff's counsel shall provide an IRS Form W-9 for the payee law firm above, and Defendants shall issue an IRS Form 1099 with respect to such payment.

3. No later than five (5) business days after the above checks have been delivered, Plaintiff shall take all necessary steps to dismiss with prejudice all claims in the Lawsuit against Defendants if the case has not already been dismissed.

4. Plaintiff agrees that the payments to Plaintiff and Plaintiff's counsel pursuant to this Agreement are in full satisfaction of the Lawsuit and that Plaintiff will not petition the Court for additional payments of wages and/or for attorneys' fees and/or costs.

5. Plaintiff understands and agrees that he has the sole obligation and responsibility for paying all taxes, if any, which relate to or arise out of the 1099 payment set forth in Paragraph No. 2(a)(ii) above.

6. In consideration for the payments in Paragraph No. 2, Plaintiff agrees to release, waive and forever discharge Defendants, and its parents, subsidiaries, employees, officers, and directors, from any and all claims related to the payment of overtime wages arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as amended, and arising out of Plaintiff's employment with Defendants. Nothing in this release will affect the ability of any party to enforce rights or entitlements specifically provided for in this Agreement.

7. Facsimile or emailed signatures shall have the same power and effect as original signatures. This Agreement may be executed independently and separately (i.e. in counterparts) by the respective Parties. If executed in counterparts, each counterpart shall be deemed to be an original, and said counterparts together shall constitute one and the same Agreement.

8. This agreement shall be governed by the laws of the Commonwealth of Virginia without regard to choice of law principles. The parties agree that any action to enforce this Agreement shall be brought in an appropriate court located in Richmond, Virginia, and specifically agree to jurisdiction of such courts and venue in such courts.

9. This Agreement constitutes the entire agreement between Plaintiff and Defendants with respect to the resolution of the Lawsuit, but does not alter, amend, or otherwise affect any separate agreements that may exist. This Agreement shall inure to the benefit of any successor to Defendants.

10. The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

11. The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this

Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

12. Following the final approval of this Agreement by the Court, if any provision of this Agreement (except Paragraph No. 2) shall be held by a court of competent jurisdiction to be void, unlawful or unenforceable, such provision or provisions shall be deemed severable from and shall in no way affect the enforceability and validity of the remaining provisions of this Agreement.

13. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and notwithstanding that failure, such party shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

14. The Parties agree that they will keep the existence and terms of this Agreement strictly confidential, and Plaintiff will not disclose this Agreement, beyond what is necessary to execute and enforce it, to anyone except: (i) to his professional advisors as necessary to render professional services, provided any such advisors first agree to the terms of this confidentiality provision; (ii) to the extent required by a court order or other compulsory process; (iii) to any federal, state, or local taxing authority as necessary to comply with tax-related obligations; (iv) to his spouse; and (v) as otherwise may be necessary to implement or enforce the terms of this Agreement, and Defendants agree that they will not reveal to any third party the existence or terms of this Agreement beyond what is necessary to execute and enforce it.

15. The Parties agree and acknowledge that this Agreement is the result of a compromise and shall never be construed as an admission by Defendants of any liability, wrongdoing or responsibility on its part or on the part of its predecessors, successors, assigns, agents, representatives, parents, subsidiaries, affiliates, officers, directors or employees. Defendants expressly deny any such liability, wrongdoing or responsibility.

BY MY SIGNATURE BELOW, I REPRESENT THAT I UNDERSTAND THE TERMS OF THIS AGREEMENT; I HAVE BEEN ASSISTED BY COUNSEL IN THE NEGOTIATION OF THIS AGREEMENT; AND I ACCEPT AND AGREE TO ALL TERMS SET FORTH HEREIN:

_Emmitt W. Owens_      _3-28-16_
Emmitt Owens      Date

3

BY MY SIGNATURE BELOW, I REPRESENT THAT I UNDERSTAND THE TERMS OF THIS AGREEMENT; I HAVE BEEN ASSISTED BY COUNSEL IN THE NEGOTIATION OF THIS AGREEMENT; AND I ACCEPT AND AGREE TO ALL TERMS SET FORTH HEREIN:

BON SECOURS HEALTH SYSTEM, INC.,

By: _Brian Lynch, Director of Human Resources_  Date: _3-31-2016_
Name & Title Printed

_[signature]_
Signature

BON SECOURS RICHMOND HEALTH SYSTEM

By: _James C. Godwin, Jr._  Date: _3-31-16_
Name & Title Printed

_[signature]_
Signature

BON SECOURS MEMORIAL REGIONAL MEDICAL CENTER, INC.

By: _James C. Godwin, Jr._  Date: _3-31-16_
Name & Title Printed

_[signature]_
Signature

4